James D. Weinberger (jweinberger@fzlz.com)
Jessica Vosgerchian (jvosgerchian@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, New York 10036
Tel:  (212) 813-5900
Fax:  (212) 813-5901

*Counsel for Plaintiff Colgate-Palmolive Company.*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

COLGATE-PALMOLIVE COMPANY,

            *Plaintiff*,

            v.

PREVDENT INTERNATIONAL BV and
PREVDENT USA LLC,

            *Defendants*.

---

## COMPLAINT

Plaintiff Colgate-Palmolive Company ("Colgate" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendants PrevDent International BV and PrevDent USA LLC (together, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. For over a century, Colgate has been a leading producer of oral care products. Since 1982, Colgate has used the federally registered trademark "PREVIDENT" (the "PREVIDENT Trademark") in connection with oral care products, including dental cream, medicated toothpaste and dental gel, fluoride varnish, and medicated oral rinse in the United

States.  Oral care goods featuring the PREVIDENT Trademark are market leading products, with substantial advertising and sales and a strong reputation in the marketplace.

2.     Despite the renown of the PREVIDENT Trademark and despite having actual and constructive knowledge of Colgate's rights therein, Defendants have, without authorization or permission from Colgate, used the trademark PREVDENT in connection with their own line of oral care products, including toothpaste, toothgloss, plaque detector swabs, tongue scrapers and mouthwash, and are marketing and selling such products throughout the United States, including but not limited to in this District.  Such use of the PREVIDENT Trademark impermissibly creates an association between Colgate and Defendants in the minds of consumers.  As a result, to protect the goodwill that it has established in the PREVIDENT Trademark, Colgate brings this action for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution under Section 360-*l* of the New York General Business Law; and trademark infringement and unfair competition under the common law of New York.  As described below, Colgate seeks injunctive relief, an accounting of Defendants' profits flowing from their use of the infringing mark, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

3.     Colgate is a corporation duly organized and existing under the laws of the State of Delaware, with its primary place of business located at 300 Park Avenue, New York, New York 10022.

4. Upon information and belief, PrevDent International BV is a limited company organized and existing under the laws of The Netherlands, with its headquarters at Jaagweg 12B, 1452 PB Ilpendam, The Netherlands.

5. Upon information and belief, PrevDent USA LLC is a limited liability company organized and existing under the laws of California, with its headquarters at 13802 NW Passage #206, Marina del Rey, California 90292.

## JURISDICTION & VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b). The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Defendants under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because, upon information and belief, (i) Defendants continuously and systematically conduct, transact and solicit business in the State of New York, (ii) Defendants have committed and are committing tortious acts within this State by marketing, promoting, advertising and offering for sale the products bearing the infringing trademark and (iii) the events giving rise to this Complaint occurred in the State of New York and/or had effects in this State.

8. Venue is proper in this District pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the events giving rise to the claims, including, but not limited to, Defendants' marketing, promoting, advertising, and offering for sale of oral care products in violation of Colgate's exclusive rights in the

PREVIDENT Trademark occurred in this District, Colgate is suffering harm in this District, and Defendants are subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.  **Colgate and the PREVIDENT Trademark**

9. Colgate has for many years been engaged in the manufacture, distribution, marketing and sale of a wide variety of oral care products, including dental cream, medicated toothpaste and dental gel, fluoride varnish, and medicated oral rinse.

10. Since at least 1982, Colgate has manufactured and marketed oral care products under the PREVIDENT Trademark, including medical grade toothpaste that contains the highest concentration of fluoride available for home use.

11. Colgate PREVIDENT oral care products come in a variety of forms like toothpaste, gels, varnishes and oral rinses that deliver clinical strength fluoride to treat common dental issues like sensitive teeth, dry mouth and enamel decay.

12. Representative samples of Colgate products bearing the PREVIDENT Trademark are shown here:



13. PREVIDENT oral care products are advertised throughout the United States, online, in print magazines, and in circulars distributed in dental offices. Colgate has spent millions of dollars on advertising and promotions for PREVIDENT branded oral care products since adopting the PREVIDENT Trademark.

14. Colgate has achieved sales of products bearing the PREVIDENT Trademark in the United States in the hundreds of millions of dollars over the past four decades. Over that time, Colgate's PREVIDENT brand has been among the best-selling medical dental brands in the United States market.

15. As a result of Colgate's reputation, use and substantial sales success and significant investment in advertising, the PREVIDENT Trademark has become a strong trademark identifying Colgate's products exclusively. As such, the PREVIDENT Trademark represents enormous goodwill and is an extremely valuable asset to Colgate.

16. Additionally, Colgate maintains several U.S. trademark registrations for the PREVIDENT Trademark for oral care products and related goods, including the following:

- PREVIDENT, U.S. Reg. No. 2,496,096, registered October 9, 2001, based on first use on February 1, 1996, for "dental cream" in International Class 3;

- PREVIDENT 5000 PLUS, U.S. Reg. No. 2,173,322, registered July 14, 1998, based on first use in February 1996, for "dental cream" in International Class 3;

- PREVIDENT, U.S. Reg. No. 5,354,426, registered December 12, 2017, based on first use on May 6, 2014, for "Medicated oral rinse, namely, medicated anti-cavity dental rinse" in International Class 5;

- PREVIDENT, U.S. Reg. No. 5,418,225, registered March 6, 2018, based on first use on November 30, 1982, for "Medicated toothpaste and dental gel; fluoride varnish for dental use" in International Class 5.

The above registrations, copies of which are attached as **Exhibit A** hereto, are valid, subsisting and in full effect and serve as *prima facie* evidence of the validity of the PREVIDENT Trademark, pursuant to Section 33(a) of the Lanham Act, 15 U.S.C. § 1115(a).  Additionally, U.S. Reg. Nos. 2,496,096 and 2,173,322, have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serve as conclusive proof of Colgate's exclusive right to use the PREVIDENT Trademark in connection with the goods identified therein, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

**B.**     **Defendant's Wrongful Activities**

17.     Upon information and belief, Defendant PrevDent International BV, through its affiliate Defendant PrevDent US LLC, recently began using PREVDENT in United States commerce in connection with its line of fluoride-free oral care products that includes toothpaste, toothgloss, plaque detector swabs, tongue scrapers and mouthwash.  A representative sample of Defendants' PREVDENT product line is shown here:






18.     Defendants promote their PREVDENT-branded products as treating many of the same medical dental problems that Colgate's PREVIDENT products treat, including tooth sensitivity and enamel decay.

19.     Defendants currently are not associated or affiliated with Colgate and have never been authorized or otherwise licensed to use the PREVIDENT Trademark in connection with the sale or offering for sale of any goods or services.

20.     The oral care products Defendants offer under PREVDENT are not offered or approved by Colgate.

21.     Defendants' use of PREVDENT in connection with oral care products began decades after Colgate first began using the PREVIDENT Trademark in connection with oral care products, and long after the public came to associate that mark exclusively with Colgate.

22.     As a matter of law, Defendants were on constructive notice of Colgate's rights in the PREVIDENT Trademark based on Plaintiff's registrations.

23.     Furthermore, upon information and belief, Defendants were on actual notice of Colgate's rights in the PREVIDENT Trademark long before Defendants adopted PREVDENT.

{F2762051.2 }                                          7

24. The mere deletion of the letter "I" to Defendants' trademark does nothing to dispel confusion as the mark is still virtually identical to the PREVIDENT Trademark in sight, sound and commercial impression.

25. Accordingly, Defendants' unauthorized use of PREVDENT is with a deliberate intent to trade on the goodwill of Colgate's PREVIDENT Trademark and with the deliberate intent to create a false impression as to the source or sponsorship of Defendants' oral care products. The goodwill that Colgate has built up in its PREVIDENT Trademark through years of substantial investment and effort is put at risk by virtue of Defendants' misappropriation of the PREVIDENT Trademark to sell and promote its own oral care products.

26. As a result of Defendants' use of the PREVIDENT Trademark or confusingly similar variations thereof, Colgate is being irreparably harmed by the existence, marketing, promotion, offering for sale, and sale of Defendants' oral care products offered using PREVDENT.

27. Defendants' acts are likely to injure Colgate's goodwill and reputation. The use by Defendants of Colgate's PREVIDENT Trademark unfairly and unlawfully wrests from Colgate control over its valuable trademarks and reputation. Colgate has no control over the quality of Defendants' oral care products.

28. Moreover, the nature of Defendants' products poses a higher likelihood that marketplace confusion will cause irreparable harm to Colgate's reputation when consumers seeking Colgate's PREVIDENT products accidentally purchase Defendants' fluoride-free products, which lack the medical benefits of the high fluoride concentrates of Colgate's products. As a result, Defendants' use of PREVDENT jeopardizes and may permanently damage Colgate's extremely valuable reputation.

29. Further, Defendants' use of the PREVDENT mark, which is nearly identical to Plaintiff's PREVIDENT Trademark, has already confused consumers as to the source of Defendants' products, as reported to Plaintiff by certain of its customers. Such actual confusion undoubtedly will increase if Defendants continue to sell oral care products under the PREVDENT mark.

30. Thus, Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Colgate's business and goodwill unless restrained by this Court.

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

31. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 30 as if fully set forth herein.

32. Defendants' advertising, promotion, offering for sale and sale of oral care products using PREVDENT is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' goods.

33. As a result of Defendants' unauthorized use of Colgate's federally registered PREVIDENT Trademark, consumers are likely to believe that Defendants' oral care products have been approved by or are otherwise associated with Colgate.

34. Such use falsely represents Defendants as being legitimately connected with and/or authorized by Colgate and places beyond Colgate's control its own reputation and ability to control the use of the PREVIDENT Trademark or the quality of the goods bearing those marks.

35. Defendants' infringement of Colgate's registered trademarks is willful, intended to reap the benefit of the goodwill of Colgate, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Defendants' conduct has caused and is causing irreparable injury to Colgate and will continue to both damage Colgate and deceive the public unless enjoined by this Court.

37. Colgate has no other adequate remedy at law.

## SECOND CLAIM FOR RELIEF: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. Defendants' use of PREVDENT for goods that are identical, related and/or substantially similar to those offered by Colgate under its PREVIDENT Trademark constitutes a false designation of origin and a false representation as to the origin of Defendants' goods. Defendants' use of PREVDENT in connection with oral care products is likely to cause confusion, mistake, or deception as to the source of Defendants' goods and is likely to create the false impression that those goods are authorized, sponsored, endorsed, licensed by, or affiliated with Colgate.

40. Defendants' conduct is willful, intended to reap the benefit of the goodwill of Colgate, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41. Defendants' conduct has caused and is causing irreparable injury to Colgate and will continue both to damage Colgate and deceive the public unless enjoined by this Court.

42. Colgate has no other adequate remedy at law.

## THIRD CLAIM FOR RELIEF:
## TRADEMARK INFRINGEMENT AND
## <u>UNFAIR COMPETITION UNDER NEW YORK COMMON LAW</u>

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 above as if fully set forth herein.

44. Defendants' use of PREVDENT in connection with oral care products is likely to confuse the public as to the origin, source or sponsorship of Defendants' goods, or to cause mistake or to deceive the public into believing that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Colgate, in violation of Colgate's rights in the PREVIDENT Trademark under the common law of the State of New York.

45. Upon information and belief, Defendants chose PREVDENT with full knowledge of Colgate's prior use of and rights in the PREVIDENT Trademark. By adopting and using a colorable imitation of Colgate's PREVIDENT Trademark, Defendants have been unjustly enriched and Colgate has been damaged.

46. By misappropriating and trading upon the goodwill and business reputation represented by Colgate's PREVIDENT Trademark, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Colgate's expense.

47. Defendants' conduct constitutes unfair competition and trademark infringement under the common law of the State of New York.

48. Defendants' conduct has caused and is causing irreparable injury to Colgate and will continue to both damage Colgate and deceive the public unless enjoined by this Court.

49. Colgate has no other adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## <u>DILUTION UNDER NEW YORK LAW (N.Y. General Business Law § 360-*l*)</u>

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 above as if fully set forth herein.

51. As a result of Colgate's extensive use and promotion of the PREVIDENT Trademark and the goods offered thereunder, the PREVIDENT Trademark is highly distinctive of Colgate's goods and is widely recognized among the consuming public as a designation of source of Colgate's goods. The PREVIDENT Trademark was distinctive and widely known before Defendants commenced their unauthorized use of PREVDENT as described herein.

52. Defendants' commercial use of PREVDENT is diluting the PREVIDENT Trademark by impairing the distinctiveness thereof, thereby lessening the capacity of the PREVIDENT Trademark to identify and distinguish Colgate exclusively, in violation of Section 360-*l* of the General Business Law of the State of New York.

53. Defendants' conduct has caused and is causing irreparable injury to Colgate and will continue to both damage Colgate and deceive the public unless enjoined by this Court.

54. Colgate has no other adequate remedy at law.

*   *   *

**WHEREFORE**, Plaintiff respectfully demands judgment as follows:

1) That a permanent injunction be issued enjoining Defendants, and any of their officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by any of Defendants, in any jurisdiction in which they operate, from:

      (a)    imitating, copying or making unauthorized use of the PREVIDENT Trademark, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation thereof, including but not limited to PREVDENT (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any goods, businesses or services offered by Defendants or the advertising or promotion thereof;

      (b)    using a Prohibited Mark to refer to or describe any products, goods or services offered by or on behalf of Defendants or any individual, entity or other third party affiliated with Defendants;

      (c)    using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by Defendants;

      (d)    applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any Prohibited Mark;

      (e)    using a Prohibited Mark in connection with the promotion, advertisement, sale, offering for sale or the provision of any goods or services;

      (f)    engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of Plaintiff's PREVIDENT Trademark; or

      (g)    instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

    2)    Directing that Defendants deliver up to Plaintiff's attorneys for destruction all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials,

advertisements and other materials currently in their possession or under their control, incorporating, featuring or bearing any Prohibited Mark.

      3)      Directing that Defendants disable and transfer to Colgate any domain name incorporating a Prohibited Mark.

      4)      Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any good offered or promoted by Defendants within the United States is authorized by Plaintiff or related in any way to Plaintiff or that Defendants are otherwise affiliated with Plaintiff.

      5)      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

      6)      Awarding Plaintiff such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement and unfair competition.

      7)      Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from its unlawful conduct and, pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of actual damages sustained as a result of Defendants' violation of the Lanham Act.

      8)      Awarding to Plaintiff exemplary and punitive damages to deter any further willful trademark infringement as the Court finds appropriate.

      9)      Awarding to Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees.

      10)      Awarding to Plaintiff interest, including pre-judgment interest on the foregoing sums.

11)  Awarding to Plaintiff such other interim relief, including, but not limited to a preliminary injunction, or permanent relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in this action.

Dated: October 3, 2018  
New York, NY

Respectfully submitted,

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____  
James D. Weinberger (jweinberger@fzlz.com)  
Jessica Vosgerchian (jvosgerchian@fzlz.com)  
4 Times Square, 17th Floor  
New York, New York 10036  
(212) 813-5900

*Counsel for Plaintiff Colgate-Palmolive Company*